Case 3:21-cv-00021-LS Document 1-4 Filed 02/02/21 Page 1 of 17

El Paso County - 327th District Court

Filed 11/23/2020 12:07 P
Norma Favela Barcelea
District Clerl
El Paso Count
2020DCV378!

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
_____ JUDICIAL DISTRICT

| | | |
|---|---|---|
| MARIA FLORES, § | | |
| *Plaintiff,* § | | |
| § | | |
| VS. § | | |
| § | CAUSE NUMBER _____ | |
| WAL-MART, INC. D/B/A WAL- § | | |
| MART SUPERCENTER. § | | |
| *Defendant.* § | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

MARIA S. FLORES (hereinafter called "Plaintiff") comes forth to present this complaint against WAL-MART INC., D/B/A WAL-MART SUPERCENTER (hereinafter called "Defendant"). For cause of action, Plaintiff would show the Court as follows:

### DISCOVERY CONTROL PLAN

1. The parties should conduct pre-trial discovery in accordance with the discovery-control plan described in Rule 190.3 of the Texas Rules of Civil Procedure (Level 2).

### PLAINTIFF'S COMPETENCY TO SUE

2. Plaintiff is a natural person over the age of twenty-one who resides in El Paso County, Texas. She is in every respect competent to assist in the prosecution of this lawsuit.

### COURT'S JURISDICTION OVER DEFENDANT

3. Wal-Mart, Inc., is a foreign for-profit corporation. Wal-Mart Inc. has been



EXHIBIT B

Flores v. Wal-Mart Inc - Original Petition – Page 1

lawfully doing business in Texas since 1974.

## SERVICE OF PROCESS

4.  An authorized process server can perfect service-of-process on Wal-Mart Inc., by hand-delivering a citation-to-appear (with a copy of this petition) to its registered agent, CT Corporation System, at the registered agent's office address, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it can be found.

## SUBJECT-MATTER JURISDICTION

5.  Plaintiff has brought this cause of action to recover bodily-injury damages she suffered while shopping in one of Defendant's stores. Plaintiff alleges that the incident and her injuries were proximately caused by the negligence of Defendant's employees acting within the scope of their employment with Defendant, and/or by a premises defect that exposed Plaintiff to an unreasonable risk of suffering serious harm. Plaintiff's incident-related damages far exceed the Court's minimal jurisdictional limit.

## CLAIM PURSUANT TO TRCP 47

6.  Plaintiff's incident-related damages far exceed the Court's minimal jurisdictional limit. Plaintiff is seeking monetary relief in this matter in an amount of over $200,000.00, but not over $1,000,000.00.

## VENUE

7.  Venue is proper in El Paso County because that is the county where the incident in question occurred. Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

## THE INCIDENT

8. The incident happened on April 30, 2020 at Wal-Mart Supercenter Store located at 13900 Horizon Blvd, Horizon City, Texas 79928. Plaintiff was making her way to exit the store. Due to the stores apparent COVID-19 policies, Wal-Mart had a designated entrance and exit (i.e. one way in, one way out). When Plaintiff arrived at the door through which she had entered, a Wal-Mart employee directing patrons. Plaintiff was notified by this employee that she needed to exit the store at the opposite entrance. The employee went on to tell Plaintiff to cut through what appeared to be a make shift barricade consisting of a table and other objects. Plaintiff followed the employee's command, and while walking around the table, she fell on a wire or extension cord that was lying on the floor. Plaintiff sustained severe personal injuries as a result.

## CAUSE OF ACTION: NEGLIGENT EXPOSURE TO UNSAFE CONDITION ON PREMISES

9. At the time of the incident, Plaintiff was on Defendant's premises with Defendant's consent, pursuant to Defendant's implied invitation. In other words, Plaintiff was Defendant's business invitee at the time of the incident. Therefore, Defendant had a duty to Plaintiff to exercise ordinary care in preventing her from being exposed to unreasonably dangerous conditions while she was on the premises.

10. Defendant's and/or their employees knew or should have known that the cable laying on the ground was an unsafe and dangerous condition as they created the

condition. Once Defendant's and/or their employees had actual or constructive knowledge of the danger posed by having a wire/cord that was not flush with the floor, they should have promptly taken measures that would have prevented, eliminated, or diminished Plaintiff's exposure thereto. The employee(s) failed to eliminate the condition or warn Plaintiff about the condition

11. Among other things, Defendant could have deployed employees to: (a) eliminate the known hazard by removing the wire/cord; (b) preventing the possibility of a fall by placing a covering to secure the cable to the floor; or (c) diminished the possibility of a fall by placing a visible sign or other warning device to alert of the wire/cord.

12. Unfortunately, Defendant and/or their employees negligently failed to do any of the above, or anything at all, to eliminate or limit Plaintiff's exposure to the unreasonable risk of harm that the wire/cord presented. Defendant and/or its employees' failure to eliminate a known dangerously defective condition constituted negligence, as that term is defined in civil law.

13. Defendant's negligence was the proximate cause of the injuries Plaintiff suffered in the incident. Therefore, Defendant is liable to Plaintiff for the totality of Plaintiff's bodily-injury damages.

<u>PLAINTFF'S BODILY-INJURY DAMAGES</u>

14. Plaintiff's involvement in the above-described incident has caused her to suffer several severe, painful, and incapacitating injuries. The injuries have caused her to

suffer----and in all likelihood, will continue causing her to suffer----the following damages: (a) medical expenses (past and future); (b) physical pain (past and future); (c) mental anguish (past and future); (d) disfigurement (past and future); (e) physical impairment (past and future); and (f) lost earning capacity (past and future).

## DEMAND FOR JURY TRIAL

15. Plaintiff respectfully demands a trial-by-jury herein, and is paying the appropriate jury fee simultaneous to the filing of this original petition.

## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED, PURSUANT TO TRCP 93.7

16. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff intends to use any and all documents Defendant produce herein in response to any discovery requests Plaintiff serves upon Defendant herein, whether it be at any pre-trial proceeding or at trial.

## REQUEST FOR DISCLOSURES

17. Plaintiff respectfully requests that, within fifty (50) days from the day it is served with citation to appear herein, Defendant disclose those matters specified in Rule 194.2 (a)-(l) of the Texas Rules of Civil Procedure.

## PRAYER

18. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully demands that this Court promptly issue citations for service upon Defendant; set this matter for a scheduling conference and trial at the Court's earliest convenience; and, after the trial of

this matter, grant the following relief to Plaintiff:

    a. Judgment against Defendant for compensatory damages in an amount that exceeds $200,000.00 but does not exceed $1,00,000.00;

    b. Pre- and post-judgment interest at the highest rate allowed by law;

    c. Costs of court; and

    d. Any further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE LEON LAW FIRM, P.C.,
One Sugar Creek Center Blvd., Suite 980
Sugar Land, Texas 77478
Tel.: (281) 980-4529
Fax: (281) 980-4530

/s/ *Magaly Grimaldo*
Carlos A. Leon --- SBN 00794157
E-mail: cleon@theleonlawfirm.com
Piero A. Garcia --- SBN 24090112
E-mail: pgarcia@theleonlawfirm.com
Magaly Grimaldo --- SBN 24096012
Email: mgrimaldo@theleonlawfirm.com
ATTORNEYS FOR PLAINTIFF,
MARIA S. FLORES

 **CT Corporation**

**Service of Process Transmittal**
12/04/2020
CT Log Number 538698844

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Texas**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Flores Maria, Pltf. vs. Wal-Mart, Inc., etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 327th Judicial District Court El Paso County, TX Case # 2020DCV3785 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 04/30/2020 - 13900 Horizon Blvd, Horizon City, Texas 79928 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/04/2020 at 01:37 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. of the Monday next after the expiration of 20 days after the date of service |
| **ATTORNEY(S) / SENDER(S):** | Magaly Grimaldo The Leon Law Firm, P.C. One Sugar Creek Center Blvd., Suite 980 Sugar Land, TX 77478 281-980-4529 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/05/2020, Expected Purge Date: 12/10/2020 |
| | Image SOP |
| | Email Notification, Kim Lundy Service Of Process ctlawsuits@walmartlegal.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 1999 Bryan St Ste 900 Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Dec 4, 2020

**Server Name:** Todd Cummings

| Entity Served | WAL-MART INC |
|---|---|
| Agent Name | |
| Case Number | 2020DCV3785 |
| Jurisdiction | TX |



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **WAL-MART INC.**, which may be served with process **by serving its registered agent, CT CORPORATION SYSTEM, at 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201-3136** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 23rd day of November, 2020 by Attorney at Law, MAGALY GRIMALDO, ONE SUGAR CREEK CENTER BLVD, SUITE 980, SUGAR LAND, TX 77478, in this case numbered **2020DCV3785** on the docket of said court, and styled:

**MARIA FLORES
VS.
WAL-MART, INC. D/B/A WAL- MART SUPERCENTER**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 25th day of November, 2020.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

DELIVERED THIS _____ DAY OF _____
AT: _____:_____ AM/PM
BY: _____
PROFESSIONAL CIVIL PROCESS
INITIALS: _____ LIC# _____

Attest:  __NORMA FAVELA BARCELEAU__  District Clerk
El Paso County, Texas

By: _____, Deputy
Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | ___.M. | From Court House |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy ____ $ _____   _____ Sheriff

_____ County, Texas

Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____ o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

(SEAL)

_____

**NOTARY PUBLIC, STATE OF TEXAS**

El Paso County - 327th District Court

Filed 12/10/2020 1:39 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3785

IN THE 327TH JUDICIAL DISTRICT COURT OF

EL PASO COUNTY, TEXAS

| | |
|---|---|
| MARIA FLORES, § § Plaintiff, § § v. § § WAL-MART INC. D/B/A § WAL-MART SUPERCENTER § § Defendant. § | **Cause No.: 2020DCV3785** |

## DEFENDANT'S JURY DEMAND AND SUBMISSION OF FEE

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Defendant WAL-MART INC, D/B/A WAL-MART SUPERCENTER, having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposit with the clerk the jury fee of FORTY DOLLARS ($40.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

14475-513/CMUN/1566873

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79950-1977
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: enriquez@mgmsg.com
E-Mail: mundell@mgmsg.com

By: _____
**Laura Enriquez**
State Bar No. 00795790
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Cal Mundell**, hereby certify that on the 10 day of December, 2020, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Magaly Grimaldo, mgrimaldo@theleonlawfirm.com, Carlos A. Leon, cleon@theleonlawfirm.com, and Piero Garcia, pgarcia@theleonlawfirm.com, The Leon Law Firm, PC, One Sugar Creek Center Blvd., Suite 980, Sugar Land, Texas 77478.

_____
**Cal Mundell**

2

14475-513/CMUN/1566873

El Paso County - 327th District Court

Filed 12/10/2020 4:29 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3785

IN THE 327TH JUDICIAL DISTRICT COURT OF

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MARIA FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Cause No.: 2020DCV3785** |
| | § | |
| WAL-MART INC. D/B/A | § | |
| WAL-MART SUPERCENTER | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Wal-Mart Inc., d/b/a Wal-Mart Supercenter, Defendant in the above-entitled and numbered cause, and submits its Certificate of Written Discovery regarding the following written discovery requests:

1. Defendant's First Requests for Admission to Plaintiff; and
2. Defendant's First Set of Interrogatories to Plaintiff.

**WHEREFORE PREMISES CONSIDERED**, Defendant respectfully prays that the Court and all parties take notice of the above and foregoing Certificate, and service of the above-referenced discovery requests, and that the Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

14475-513/CMUN/1566890

Copy from re:SearchTX

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79950-1977
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: enriquez@mgmsg.com
E-Mail: mundell@mgmsg.com

By: _____
**Laura Enriquez**
State Bar No. 00795790
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Cal Mundell**, hereby certify that on the 10 day of December, 2020, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Magaly Grimaldo, mgrimaldo@theleonlawfirm.com, Carlos A. Leon, cleon@theleonlawfirm.com, and Piero Garcia, pgarcia@theleonlawfirm.com, The Leon Law Firm, PC, One Sugar Creek Center Blvd., Suite 980, Sugar Land, Texas 77478.

_____
**Cal Mundell**

2

14475-513/CMUN/1566890

Copy from re:SearchTX

El Paso County - 327th District Court

Filed 12/10/2020 1:37 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3785

IN THE 327TH JUDICIAL DISTRICT COURT OF

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MARIA FLORES, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | **Cause No.: 2020DCV3785** |
| WAL-MART INC. D/B/A WAL-MART SUPERCENTER | § § § § | |
| Defendant. | § | |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** WAL-MART INC. D/B/A WAL-MART SUPERCENTER, Defendant in the above-entitled and captioned cause, and files this Original Answer to Plaintiff's pleadings, and for answer says:

**I.**

Pursuant to Tex. R. Civ. P. 92, Defendant enters its general denial as to Plaintiff's Original Petition and demands strict proof thereof.

**II.**

Defendant would show that Plaintiff's own contributory negligence was the proximate cause, sole proximate cause or a new and independent cause of the occurrence in question and all of Plaintiff's alleged damages and injuries, if any.

**III.**

Defendant would show that all or part of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem. Code Ann. §41.0105 since Plaintiff may only recover medical expenses actually paid or incurred.

14475-513/CMUN/1566868

Copy from re:SearchTX

### IV.

Defendant would show that all or part of Plaintiff's claims are barred by Tex. Civ. Prac. & Rem. Code Ann. §18.091, since any evidence of wages or economic damages must be presented in an after-tax format, and Defendant requests the appropriate jury instructions in this regard.

### V.

Defendant would show that Plaintiff has failed to mitigate his alleged damages and injuries, if any, as that term is defined and understood by law.

### VI.

Defendant would show that Plaintiff's injuries and damages, if any, may have been the resulted from preexisting and/or unrelated conditions, and thus, were not proximately caused by the occurrence made the basis of this lawsuit.

### VII.

Defendant would show that the occurrence in question may have been caused by the negligence of a third party over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

### VIII.

Defendant requests trial by jury and reserves the right to amend.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that upon final hearing that it be discharged and allowed to go hence without day and with its costs and that the Court grant Defendant such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

14475-512/CMUN/1564561

Copy from re:SearchTX

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79950-1977
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: enriquez@mgmsg.com
E-Mail: mundell@mgmsg.com

By: _____
Laura Enriquez
State Bar No. 00795790
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendant

### CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Cal Mundell**, hereby certify that on the 10 day of December, 2020, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Magaly Grimaldo, mgrimaldo@theleonlawfirm.com, Carlos A. Leon, cleon@theleonlawfirm.com, and Piero Garcia, pgarcia@theleonlawfirm.com, The Leon Law Firm, PC, One Sugar Creek Center Blvd., Suite 980, Sugar Land, Texas 77478.

_____
Cal Mundell

3

14475-512/CMUN/1564561

Copy from re:SearchTX